de Luca v de Luca (2024 NY Slip Op 05048)

de Luca v de Luca

2024 NY Slip Op 05048

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 365505/23 Appeal No. 2792 Case No. 2023-05587 

[*1]Todd de Luca, Plaintiff-Respondent,
v
Luba de Luca, Defendant-Appellant.

The Wiederkehr Law Group, P.C., White Plains (Evan Weiderkehr of counsel), for appellant.
Robert G. Smith, PLLC, New York (Robert G. Smith of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Ariel D. Chesler, J.), entered October 26, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff husband's pendente lite motion to the extent of awarding him exclusive use and occupancy of the marital residence; granted him the exclusive right and authority to market and sell the marital residence; awarded him the exclusive right to sell any marital artwork to raise funds necessary to effectuate the sale of the marital residence and to pay certain other marital expenses; and directed defendant wife to return the artwork she unilaterally removed from the marital residence in the previous three years, unanimously dismissed, without costs, in part, as moot, and otherwise, for failure to perfect the appeal in the proper manner.
In her reply brief, appellant-wife states that, following perfection of this appeal and prior to argument, "the parties jointly entered into a Contract of Sale to sell and transfer the Marital Residence to third party purchasers thereby precluding the need for appellate review" of "certain relief" that she had requested, including exclusive occupancy of the marital residence and the right to market and sell the marital residence. Accordingly, the wife's request for relief as to those issues is denied as moot.
To the extent that the wife's appeal from the provisions of the motion court's order designating neutral forensic art and business appraisers, directing the wife to return certain art to the marital residence, and granting the husband the right to sell marital art to raise funds to pay certain marital expenses is not also moot, we find that the record is inadequate to enable the Court to render an informed decision on the merits. An appellate record must include the relevant documents and transcripts (CPLR 5526). Here, the record fails to include all relevant transcripts, including the transcript of proceedings on the return date of the husband's order to show cause, June 23, 2023, and on the day prior to the order appealed from, October 24, 2023. Furthermore, to the extent that the wife claims that the motion court appointed neutral appraisers selected by the husband, there is no evidence in this record to support that claim. The order appealed from directs counsel to submit appointment orders. However, neither proposed nor signed and entered appointment orders are included in the record. Accordingly, the record is inadequate to permit meaningful appellate review of those issues (Kapitus Servicing, Inc. v MS Health, Inc., 221 AD3d 504, 505 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024